# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON M. LUDKE,

    Plaintiff,

    v.                                           Case No. 11-CV-00506

KETTLE MORAINE CORRECTIONAL INSTITUTION,
WILLIAM MCCREEDY, SGT SCHMIDT, ROBERT HUMPHREYS,
KELLY SALINAS, JAMES LABELLE, CHARLES COLE,
LORI ALSUM, and NURSE PALM,

    Defendants.

ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (DOC. 6), DENYING AS MOOT MOTION FOR ORDER TO USE RELEASE ACCOUNT TO PAY INITIAL PARTIAL FILING FEE AND LUMP SUM PAYMENT ON COSTS OF SUIT (DOC. 8), DISMISSING PLAINTIFF'S CLAIMS REGARDING THE FIRST, FIFTH, EIGHTH, AND THIRTEENTH AMENDMENTS (DOC. 21), DISMISSING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. 9), DISMISSING PLAINTIFF'S MOTION TO PROVIDE LAW LIBRARY AND INDIGENT LEGAL SUPPLIES (DOC. 10), DISMISSING PLAINTIFF'S SECOND MOTION TO PROVIDE LAW LIBRARY (DOC. 17), AND GRANTING PLAINTIFF'S MOTION FOR LUMP SUM PAYMENT (DOC. 24)

Plaintiff, Jason M. Ludke, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C § 1983, and requested leave to proceed in forma pauperis. His amended complaint is now before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A complaint or portion thereof must be dismissed if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). Therefore, the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The allegations proffered must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual assertions, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must contend that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, an amended complaint supersedes a prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, for instance, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted).

## FACTUAL BACKGROUND

Plaintiff is a resident at Fox Lake Correctional Institution and is a "practicing Jewish inmate." (Compl. at 2.) He resided at Kettle Moraine Correctional Institution at all times

3

relevant to the present suit. Defendants serve in various capacities at Kettle Moraine Correctional Institution.

Plaintiff charges that he "is being oppressed and subjected for 'forced labor' and 'discrimination' and 'unequal protections.'" (*Id*. at 4.) On February 2, 2011, defendant Schmidt ordered plaintiff to shovel snow. Plaintiff followed Schmidt's direct order. While he was shoveling snow, plaintiff slipped and injured his lower back. He reported the injury to Schmidt, was taken to Health Services Unit (HSU), and received ice and aspirin. Despite this treatment, plaintiff "was in excruciating pain" the night of February 2, 2011 into February 3, 2011. Plaintiff states that he was charged a $7.50 copayment for his visit to HSU even though he experienced a "work-related injury." (*Id*. at 7.) Additionally, plaintiff submits that defendants did not "provid[e] [plaintiff] any liability as is given to all other inmates." (Compl. at 8.)

Plaintiff claims that defendants violated Wis. Admin. Code § DOC 316.05(8), which states that health services staff shall not charge an inmate a copayment for "[a]ny medical, dental or nursing services provided as a result of an injury sustained through an institution work assignment." He further claims that "[d]efendants['] actions give rise to violating Wis. Stat. § 940.29 of abuse to a prisoner within a corr[ectional] institution." (*Id.* at 8.) Wisconsin Stat. § 940.29 states that "[a]ny person in charge of or employed in a . . . correctional institution . . . who abuses, neglects or ill-treats any person confined in or a resident of any such institution or place or who knowingly permits another person to do so is guilty of a Class I felony." Finally, plaintiff claims that defendants conspired "to circumvent administrative rules, procedures and laws of the State of Wisconsin" and that

4

forcing him to shovel snow and subjecting him to the copayment violated his First, Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights. (*Id.*)

For relief, he requests $250,000 "jointly and severally against [d]efendants for the oppression, injury, harassment and discrimination sustained by plaintiff." (*Id*. at 11.) Additionally, plaintiff seeks punitive and exemplary damages "to punish defendants for acting with wanton and reckless indifference, ill will, desire to oppress and injury [sic], and malice in regard to the plaintiff." (*Id*.) Finally, he asks for $50,000 against defendants McCreedy, Humphreys, Schmidt, Palm, Salinas, LaBelle, Cole and Alsum and $250,000 against defendant Kettle Moraine Correctional Institution.

**ANALYSIS**

**1. Fifth and Fourteenth Amendment Due Process Rights**

In his vague reference to the Fifth and Fourteenth Amendments, it appears that plaintiff contends his due process rights were violated. These claims are based on plaintiff's charge that defendants acted contrary to Wis. Admin. Code § DOC 316.05(8) and Wisconsin Stat. § 940.29. However, "[p]rison procedures themselves are not substantive liberty or property interests that are protected by due process, *see Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982), and a violation of state laws or regulations is not a basis for a federal civil rights suit, *see Guajardo-Palma v. Martinson*, 622 F.3d 801, 806-07 (7th Cir. 2010); *Domka v. Portage Cnty., Wis*., 523. Thus, plaintiff has failed to state a claim for which relief may be granted in federal court.

**2. Eighth Amendment**

Inmates have an Eighth Amendment right to be free from cruel and unusual punishment. *See Pierson v. Hartlet*, 391 F.3d 989, 902 (7th Cir. 2004) (internal citations

5

omitted). This right is violated when a prison official is deliberately indifferent to a substantial risk of serious harm to an inmate. *Id.* Negligence on the part of an official does not violate the Constitution, and it is not enough that the official should have known of a risk. *Id.* Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless. *Id.*

In *Smith v. Peters*, 631 F.3d 418, 419-21 (7th Cir. 2011), the court held that a state prisoner asserted a claim against prison officials for violating his Eighth Amendment rights by forcing him to work at hard labor in dangerous conditions. The prisoner contended that he was assigned to uproot tree stumps in cold weather without being given any protective gear, that he developed blisters from handling heavy tools in the cold without gloves, and that he was subjected to the risk of getting hit by blades of the tools because they slipped from their handles. *Smith v. Peters*, 631 F.3d 418, 419-21 (7th Cir. 2011). The court held that these allegations were sufficient to form the basis of an Eighth Amendment claim. Id.

*Christopher v. Buss*, 384 F.3d 879, 880 (7th Cir. 2004), provides contrast in that the court held that a prisoner's Eighth Amendment rights were not violated when a "protrusive lip" on a softball field at the prison caused a ball to bounce and hit him in the face. The prisoner claimed that prison officials violated the Eighth Amendment by failing to correct the protrusive lip. According to the court, the protrusive lip, "even if hazardous when a ball hits it in a certain way, does not amount to a condition objectively serious enough to implicate the Eighth Amendment." *Id.* at 882. The court went on to state that only risks that are "objectively, sufficiently serious" violate the Eighth Amendment. *Id.* at 882 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). An "objectively, sufficiently serious risk . . . is one that society considers so grave that to expose any unwilling individual to it would

offend contemporary standards of decency." *Christopher*, 384 F.3d at 882. The court explained that unlike risks posed by exposure to raw sewage or excessive amounts of tobacco smoke, the risk of being hit by a softball is "the type of risk many encounter voluntarily when they play sports in less-than-perfect playing conditions." *Id.* at 882-83.

Here, plaintiff's allegation that defendants violated his rights by forcing him to shovel snow is insufficient to form the basis of an Eighth Amendment cruel and unusual punishment claim. Plaintiff does not contend that he was injured prior to being ordered to shovel snow or that defendants were aware of such an injury. He also does not assert that he did not have proper equipment or clothing to shovel snow. Thus, plaintiff's claim can be distinguished from the prisoner's claim in *Smith,* where it was alleged that he was not given warm clothing, protective gear, or training prior to performing outdoor duties. *See* 631 F.3d at 419-21. Indeed, shoveling snow is a "type of risk many encounter voluntarily." *Christopher*, 384 F.3d at 882. Thus, with regard to his cruel and unusual punishment claim, plaintiff has failed to state a claim for which relief may be granted.

**3. Fourteenth Amendment Equal Protection Clause**

Although he does not cite the Equal Protection Clause, it appears that plaintiff claims his rights under this clause were violated. For instance, he states that defendants did not "provid[e] [plaintiff] any liability as is given to all other inmates." (Compl. at 8.)

The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. To comply with equal protection, governmental entities are generally required to treat all similarly-situated persons in a similar manner. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). "To state an equal protection claim, a § 1983 plaintiff must

7

allege that a state actor purposefully discriminated against him because of his identification with a particular (presumably historically disadvantaged) group." *Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir 1994). Ordinarily, prisoners do not constitute a suspect class and thus state actions concerning prisoners as a group are generally not entitled to heightened scrutiny. *Pryor v. Brennan*, 914 F.2d 921, 923 (7th Cir. 1990). Where the circumstances do not involve a suspect classification such as race or gender, an inmate who challenges a particular prison practice or regulation must show or indicate that the regulation is not reasonably related to a legitimate governmental concern, or must demonstrate that the challenged regulation or practice is an exaggerated response to those concerns. *See Turner v. Safely*, 482 U.S. 78 (1987); *Caldwell v. Miller*, 790 F.2d 589 (7th Cir. 1986).

"Class of one" equal protection claims arise without regard to protected-class status where the plaintiff "has been intentionally treated differently from others similarly situated and . . . there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In the Seventh Circuit, "class of one" claims under § 1983 require the plaintiff to "present evidence that the defendant deliberately sought to deprive him of the equal protection of the law for reasons of a personal nature unrelated to the duties of the defendant's position." *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir. 2000). There must be a showing that "the cause of the differential treatment of which the plaintiff complains was a totally illegitimate animus toward the plaintiff by the defendants." *Id.*

Here, plaintiff has proffered sufficient facts to raise a "class of one" Equal Protection claim. He alleges that he was required to make a copayment while all other inmates who

8

were similarly injured while performing job duties were not required to do so. However, at the next stage, plaintiff must present evidence that defendants deliberately deprived him of equal protection of the law. *See Hilton*, 209 F.3d at 1008.

### 4. First and Thirteenth Amendments

Next, plaintiff claims violations of his First and Thirteenth Amendment rights. However, these claims warrant little discussion, inasmuch as plaintiff fails to explain his legal theory with regard to these claims, and the claims appear to be misplaced. Additionally, the First and Thirteenth Amendment claims involve the same factual allegations as plaintiff's other claims. *See Williams v. Snyder*, 150 F. App'x 549 (7th Cir. 2005).

### 5. Violation of State Laws

A violation of state laws or regulations is not a basis for a federal civil rights suit, *see Guajardo-Palma v. Martinson*, 622 F.3d 801, 806-07 (7th Cir. 2010); *Domka v. Portage Cnty., Wis.*, 523. Moreover, ancillary jurisdiction is improper, as there is no cause of action under Wis. Admin. Code § DOC 316.05(8), and Wisconsin Stat. § 940.29 is under the state criminal code. Thus, federal court is an improper venue for plaintiff's claims regarding defendants' alleged violations of Wis. Admin. Code § DOC 316.05(8) and Wisconsin Stat. § 940.29.

### 6. Conspiracy

"To establish § 1983 liability through a conspiracy theory, plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights; and (2) those individual(s) were willful participant(s) in

9

joint activity with the State or its agents." *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003).

Here, plaintiff alleges that defendants "have conspired to circumvent administrative rules, procedures, and laws of the State of Wisconsin in forcing Ludke to work and not providing Ludke any liability." (Compl. at 8.) As previously noted, a violation of state laws or policies does not constitute a violation of constitutional rights. *See Guajardo-Palma*, 622 F.3d at 806-07. However, although defendants may not be liable for conspiring against him in violating state laws, they may be liable for conspiring to deprive him of Equal Protection of the law. Because plaintiff has asserted sufficient facts to form the basis of an Equal Protection claim, he may proceed on a conspiracy claim related to his claim under the Equal Protection clause.

## ADDITIONAL MOTIONS

**1. Motion to Appoint Counsel (Doc. 9)**

Plaintiff has filed a motion to appoint counsel stating that he has made repeated efforts to secure an attorney. For instance, he has contacted attorneys with Gruber Law Offices and Godfrey & Kahn. Additionally, plaintiff states that "the issues involved in this case are complex" and that "[p]laintiff's imprisonment within segregation greatly limits his ability to litigate." (Mot. at 1.) Finally, he asserts that a "trial in this case will likely involve conflicting testimony." (*Id.* at 1-2.)

Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter,

litigants must make a reasonable attempt to secure private counsel." *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case him or herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Id.* (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Here, plaintiff has made a reasonable attempt to secure private counsel. However, at this stage of the proceedings, plaintiff appears competent to proceed without an attorney. He has a demonstrated ability to state claims and file motions. Moreover, this case is not ready for trial. If the case proceeds to trial, plaintiff may file a new motion to appoint counsel.

**2. Motion for Order to Provide Law Library and Indigent Legal Supplies (Doc. 10)**

Next, plaintiff filed a motion asking for an order allowing him to spend additional time in the library. Currently, he is allowed to visit the library once or twice per month. He also requests a "legal supplies loan" to pay for pens, paper, envelopes and postage. (Mot. at 2.)

Plaintiff's request regarding the law library is similar to a request for a preliminary injunction. A party seeking a preliminary injunction must demonstrate that he is reasonably likely to succeed on the merits, that he is experiencing irreparable harm that exceeds any harm his opponent will suffer if the injunction issues, that he lacks an adequate remedy at law, and that the injunction would not harm the public interest. *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). "If the moving party meets this threshold burden, the district court weighs the factors against one another in a sliding scale analysis . . . which is to say the district court must exercise its discretion to determine whether the

11

balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied." *Id.*; *see Joelner v. Vill. of Wash. Park*, 378 F.3d 613, 619 (7th Cir. 2004).

Here, plaintiff's request for additional library time is not related to the claims for which he seeks relief. Although his time in the library may be limited, he has had success with his complaint and several motions despite limited library time. Moreover, at this stage in the proceedings, there are no deadlines looming. Thus, the court finds no basis for granting plaintiff's motion relating to the law library.

With regard to the legal supplies loan, the court notes that prisoners have "no constitutional entitlement to subsidy" to prosecute a civil suit. *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002). Indeed, like any other civil litigant, a prisoner must decide which of his legal actions is important enough to fund. *Lucien v. DeTella*, 141 F.3d 773, 774 (7th Cir. 1998). Thus, the court is not persuaded to grant plaintiff's motion relating to a legal loan.

### 3. Motion for Order to Provide Law Library (Doc. 17)

Plaintiff filed a second motion to provide law library in which he asserts that he is being denied meaningful access to a law library. As discussed above, plaintiff's argument concerning "meaningful access" is unrelated to the claims at issue. Consequently, plaintiff's second motion to provide a law library does not warrant relief.

### 4. Motion for Order to Make Lump Sum Payment to Filing Fee From Release Account (Doc. 24)

The court previously allowed plaintiff to pay his initial partial filing fee of $23.37 from his release account. Subsequently, he filed a motion to pay an additional lump sum

payment of $90 from his release account. This current motion supersedes and renders moot an earlier motion for court order to use release account to pay initial partial filing fee and lump sump payment on costs of suit.

The release account is an account established for an inmate in which a percentage of the inmate's income is deposited so that the inmate has sufficient funds when released from the institution to purchase release clothing, out-of-state transportation, and other items and services needed on release. Wis. Admin. Code § DOC 309.02(18). The release account fund is created by deducting "10% of all income earned by or received for the benefit of the inmate, except from work release and study release funds under ch. DOC 324, until $5,000 is accumulated[.]" Wis. Admin. Code § DOC 309.466(1).

Despite these DOC regulations, courts have found that when a prisoner's general fund has insufficient funds to pay filing fees, the Wisconsin Prison Litigation Reform Act, Wis. Stat. § 814.29(1m), and the federal Prison Litigation Reform Act, 28 U.S.C. § 1915(b), authorize the courts to order that the money in a prisoner's release account be made available for that purpose. *Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (citing *Spence v. Cook*, 222 Wis. 2d 530, 537 (Ct. App. 1998); *Spence v. McCaughtry*, 46 F. Supp. 2d 861 (E.D. Wis. 1999)).

In this case, plaintiff has indicated that his general account has insufficient funds. He has also submitted a trust account statement showing his account status. According to the trust account, plaintiff has $1.89 in his general account and $95.38 in his release account. As a consequence, circumstances favor plaintiff's request for relief. Therefore,

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims under the First, Thirteenth, Eighth, and Fifth Amendments (Doc. 21) are **DISMISSED** for failure to state claims for which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Doc. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order to provide law library and indigent legal supplies (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order to provide law library (Doc. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order to make lump sum payment of $90 from release account (Doc. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for court order to use release account to pay initial partial filing fee and lump sum payment on costs of suit (Doc. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Attorney General for service on the state defendants.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $285.58 balance of the filing fee by collecting monthly payments from the plaintiff's prison

trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable C.N. Clevert, Jr.
> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

15

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 28th day of October, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE