UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON M. LUDKE,

      Plaintiff,

  v.                                                    Case No. 11-C-0506

KETTLE MORAINE CORRECTIONAL INSTITUTION,
WILLIAM McCREEDY, SGT SCHMIDT,
ROBERT HUMPHREYS, KELLY SALINAS,
JAMES LaBELLE, CHARLES COLE,
LORI ALSUM, and NURSE PALM,

      Defendants.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (DOC. 32), DENYING AS MOOT PLAINTIFF'S MOTION FOR ORDER TO PROVIDE EXTRA LAW LIBRARY (DOC. 31), AND DISMISSING CASE

Jason Ludke, a state prisoner, is proceeding pro se on class-of-one equal protection and conspiracy claims against defendants because he was required to pay a $7.50 medical copay after injuring himself while shoveling snow at Kettle Moraine Correctional Institution (KMCI) on February 2, 2011. Plaintiff is seeking an order requiring KMCI to provide him extra law library time, whereas defendants have filed a motion to dismiss for failure to state a claim.

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001). The court must construe the complaint in the light most favorable to the

nonmoving party, accept well-pleaded facts as true, and draw all inferences in plaintiff's favor. *Reger Development, LLC v. National City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

A motion under Rule 12(b)(6) can be based on the complaint, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice. If a moving party relies on additional materials, the motion must be converted to one for summary judgment under Rule 56. *See* Fed.R.Civ.P. 12(d). A plaintiff, however, has much more flexibility in opposing a Rule 12(b)(6) motion. A party opposing a Rule 12(b)(6) motion may subject materials outside the pleadings to illustrate the facts the party expects to be able to prove. *Geinosky v. City of Chicago*, 675 F.3d 734, 745 n.1 (7th Cir. 2012) (citations omitted). In his opposition to defendants' motion, plaintiff relies on two sworn documents he filed in this case at docket numbers 11 and 20, as well as the exhibits to those documents. Consequently, the court has reviewed these documents and exhibits in deciding the motion to dismiss.

Defendants submit that recognition of a class-of-one theory in the prison context would subject nearly all prison officials' decisions to constitutional review in federal court. They maintain that the decision to apply the medical copay to plaintiff was discretionary after review of applicable prison policies and procedures. Defendants also argue that plaintiff's conspiracy claim fails because he does not have class-of-one equal protection rights and, under the intra-corporate conspiracy doctrine, a federal civil conspiracy claim cannot exist between members of the same entity. Finally, defendants ask that Kettle Moraine Correctional Institution be dismissed as a defendant because it is not a person that can be sued under § 1983.

2

According to the Seventh Circuit's en banc per curiam opinion in *Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887, 888 (7th Cir. 2012), "[t]he law concerning "class of one" equal-protection claims is in flux, and other courts faced with theses cases may find the discussion in the three opinions in this case helpful." The court then published three separate opinions discussing possible standards for class-of-one claims. Recently, in an unpublished decision, the Seventh Circuit reaffirmed that even though it "has divided over the necessity of showing illegitimate animus, the law is settled that a class-of-one plaintiff must show at least intentionally discriminatory treatment lacking a rational basis." *Jordan v. Cockroft*, No. 12-1633, 2012 WL 3104876, at *2 (7th Cir. Aug. 1, 2012) (citing *Del Marcelle*, 680 F.3d at 899, 913).

In *Engquist v. Oregon Dep't of Agriculture*, 443 U.S. 591 (2008), the United States Supreme Court eliminated class-of-one claims for government employees in a case involving a former state employee laid off during agency reorganization who alleged she was fired for arbitrary and malicious reasons. *Id.* at 595. The court found that some types of state action inherently "involve discretionary decisionmaking based on a vast array of subjective, individualized assessment." *Id.* at 603. Shortly after the *Engquist* decision, the Seventh Circuit held that just as public employees cannot bring class-of-one cases against their employer, so also prosecutorial and sentencing discretion is not to be fettered by class-of-one suits. *United States v. Moore*, 543 F.3d 891, 899-901 (7th Cir. 2008)

Some courts have even determined that class-of-one claims should not exist at all in the prison context. *See Russell v. City of Philadelphia*, 2010 WL 2011593, *9 (E.D. Pa. 2010) ("[W]e cannot allow this claim for an Equal Protection violation to proceed to trial.

3

We simply are not prepared to intrude so far into the day-to-day operations of the prison to say that on any given occasion, the prison could have no rational basis for moving a prisoner into administrative segregation or moving a prisoner to a new job."; *Dawson v. Norwood*, 2010 WL 2232355 (W.D. Mich. 2010); *Upthegrove v. Holm*, 2009 WL 1296969, *1 (W.D. Wis. 2009); *Earnest v. King*, 2011 WL 5075380 (W.D. Pa. 2011); *Alexandar v. Lopac*, 2011 WL 832248, *2 (N.D. Ill. 2011); *Dorch v. Munoz*, 2011 WL 1987621, *8 (W.D. Mich. 2011).

Plaintiff maintains that reliance on *Engquist* is misplaced because the decision to charge him a $7.50 copay was not discretionary where there was a policy not to charge a copay for work-related injuries. Wisconsin Administrative Code § DOC 316.05 sets forth copayment exclusion and states: "Health services staff shall not charge an inmate or a juvenile a copayment for any of the following: . . . (8) Any medical, dental or nursing services provided as a result of an injury sustained through an institution work assignment." Wis. Admin. Code § DOC 316.05(8). According to plaintiff, defendants McCreedy and Humphreys knew his injury was work-related but ignored their own policy to charge him the copay. Plaintiff maintains he was intentionally treated differently from similarly situated prisoners without a rational basis.

Rather than bolster his opposition to defendants' motion to dismiss, the documents provided by plaintiff reveal not just a rational basis for the decision to charge him the copay, but the rational basis that defendants relied upon to charge the plaintiff the copay. In response to interview and information request forms, defendants indicated that plaintiff was performing extra duty as part of discipline and that such extra duty is not part of plaintiff's work assignment. The documents provided by plaintiff reveal that his work

4

assignment was in food services. Moreover, defendants exercised their discretion when they determined the extra duty imposed by punishment did not constitute part of a prisoner's work assignment under § DOC 316.05(8).

Although plaintiff disagrees with the characterization of his extra duty as not part of his work assignment, it is a rational basis for charging him the copay. Also, plaintiff is unable to show that there was no rational basis for departing from state policy as set forth in Wisconsin Administrative Code § DOC 316.05(8) and treating him differently. *See Jordan*, 2012 WL 3104876, at *2. Therefore,

IT IS ORDERED that defendants' motion to dismiss for failure to state a claim (Doc. 32) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for order to provide extra law library (Doc. 31) is DENIED AS MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE.

Dated at Milwaukee, Wisconsin, this 14th day of August, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge